IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONIQUE D. DOTSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3995 |
| | : | |
| JILL GALAPIO, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                                                **January 11, 2024**

Pro se Plaintiff Monique Dotson filed this Amended Complaint alleging claims related to an alleged assault that occurred in October of 1999 and criminal charges against her that emanated from that assault. Dotson seeks to proceed in forma pauperis. For the following reasons, I will grant Dotson leave to proceed in forma pauperis and dismiss her Amended Complaint upon screening.

**I.      FACTUAL ALLEGATIONS**

Dotson names the following Defendants in her Complaint: Lehigh County Prison Guards Jill Galapio and Norma Irizzarte; "Karen Schuler P.D."; and "Lehigh County Judge C. McGinney." (Am. Compl. at 4.)[1] Although the facts of the Amended Complaint are brief, I understand Dotson to be alleging that on October 20, 1999, she had an incident involving two correctional officers at the Lehigh County Prison, where she was housed at the time. (Id. at 5.) Dotson allegedly refused

---

[1] Page numbers refer to those supplied by the CM/ECF docketing system. It appears Dotson may be referring to Lehigh County Court of Common Pleas Judge Carol K. McGinley. The public docket reflects that on October 25, 2000, Dotson was arrested and charged with assault, as a prisoner. See Commonwealth v. Dotson, CP-39-CR-0000237-2001 (C.P. Lehigh). Subsequently, in relation to these charges, Dotson filed a federal petition for writ of habeas corpus, which was denied on October 29, 2008. See Dotson v. Chamberlain, No. 08-149, 2008 WL 4762766, at *1 (E.D. Pa. Oct. 30, 2008).

dinner and walked back to her cell on the 4C1 pod. (Id.) Defendant Galapio was standing at the entrance of Dotson's cell and "call[ed] Code Green," which is the "code [used] when an officer is down." (Id.) When Galapio "reached to put her walkie talkie back on her shoulder," she allegedly punched Dotson in the eye, which caused Dotson to fall forward and injure her fingers. (Id.) Defendant Irizzarte then "jump[ed] down onto the mid of [Dotson's] back." (Id. at 7.) Dotson's hands and feet were in handcuffs at the time. (Id.) Dotson became "unconscious for a second" and suffered injuries to her hands and feet. (Id.) Over two years later, on November 21, 2001, Dotson was ordered to be transferred to the Norristown State Hospital, where she stayed until April 30, 2002. (Id.) Dotson asserts that all medical reports prove her innocence but were suppressed. (Id.) She states that she had neck surgery, needs back surgery, and is permanently disabled. (Id.)

Based on these allegations, Dotson asserts constitutional claims under 40 U.S.C. § 1983. For relief, she seeks money damages and for an unspecified case to be reopened.[2]

## II. STANDARD OF REVIEW

I will grant Dotson leave to proceed in forma pauperis because it appears that she is unable to pay the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that Dotson's complaint be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains

---

[2] Dotson does not identify the case she wants reopened. To the extent Dotson seeks to open her state criminal case, a federal court lacks authority to order this. See In re Mendez, 475 F. App'x 421, 423 (3d Cir. 2012). If Dotson is referring to a lawsuit she previously filed against correctional officers at Muncy State Prison, Dotson v. Muncy State Prison Correction Officers et al., No. 07-cv-3054 (E.D. Pa.), she has not explained how that case relates to this one or why that case should be reopened.

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[a court must] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. As Dotson is proceeding pro se, her allegations must be construed liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021).

A court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).

### III. DISCUSSION

Dotson brings claims pursuant to 42 U.S.C. § 1983, which is a statute that allows federal constitutional claims to be brough against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Dotson's § 1983 claims appear to be excessive force claims in connection with the alleged assault by Defendants Galapio and Irizzarte on October 20, 1999. These claims are subject to a two-year statute of limitations. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). The statute of limitations begins to run "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the

3

time the plaintiff "knew or should have known of the injury upon which [her] action is based." Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

Dotson's claims accrued on October 20, 1999, the date she was allegedly subjected to excessive force, because that is the date that she knew or should have known of her injuries. See LeBlanc v. Snavely, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam) ("Claims for false arrest and assault … typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."). However, Dotson did not file this Complaint until October 13, 2023, nearly 24 years after the events that gave rise to her claims. Accordingly, Dotson's excessive force claims will be dismissed as untimely.

Dotson also appears to assert claims related to her conviction and sentence for assault. When a plaintiff seeks damages in a civil rights lawsuit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of her conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). This rule prevents plaintiffs from bringing claims that would render a sentence or conviction invalid unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Any claim based on defects in Dotson's underlying state court criminal proceedings is barred by Heck because such a claim would imply the invalidity of the associated conviction or sentence. See id. at 479. Dotson does not allege that her conviction was invalidated, and the public docket reflects that the conviction is still valid. Accordingly, I will dismiss any claim based on

Dotson's underlying criminal proceeding without prejudice to Dotson refiling such a claim if her conviction is later invalidated. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (dismissal based on Heck should be without prejudice to a later refiling).[3]

When a court dismisses a pro se complaint for failure to state a claim, the plaintiff should ordinarily be given leave to amend "unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). In this case, it appears unlikely that Dotson could allege facts that would bring her claims within the two-year statute of limitations, given that the events underlying them occurred more than two decades ago. However, due process requires that a plaintiff be given an opportunity to respond before a court sua sponte dismisses a complaint. See Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990). I will therefore grant Dotson leave to amend her complaint, but only if she can do so in good faith.

## IV. CONCLUSION

For the foregoing reasons, I will grant Dotson leave to proceed in forma pauperis and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dotson will be given leave to amend her complaint to cure these deficiencies, if she can do so in good faith.

An appropriate Order follows.

---

[3] Even if Heck did not bar these claims, it appears that the two named Defendants associated with Dotson's underlying criminal proceedings—the presiding judge and a public defender—are not subject to liability under § 1983. Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). And criminal defense attorneys, including public defenders, are not state actors for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).